UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DAVID HICKMAN,         ) | |
| ) | |
| Plaintiff,              ) | |
| ) | Civil Action No. |
| v.                          ) | 05-11875-JLT |
| ) | |
| NATIONAL PARK SERVICE, ) | |
| ) | |
| Defendant.              ) | |
| ) | Formerly Boston Municipal Court |
| ) | Small Claims Action |
| | No.  0501sc4233 |

## MEMORANDUM IN SUPPORT OF THE MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

The Plaintiff, David Hickman ("Hickman" ) filed the instant action against the National Park Service ("NPS") seeking recovery of the cost of a "season pass" and for property damage incurred when his motorcycle struck a patch of sand. Complaint, p. 1, attached hereto as Exhibit 1.

Because this Court lacks subject matter jurisdiction, the claim must be dismissed.

**Facts**

Hickman outlines a number of instances over the summer of 2005, where he was been approached by individuals whom he describes as "homosexuals" while using the national seashore. See Letter from David Hickman, dated September 6, 2005 ("Hickman Letter"), attached as Exhibit B to the Declaration of Anthony Conte, Regional Solicitor for the Northeast Region for the Department of the Interior ("Conte Declaration"), attached hereto as Exhibit 2.[1]  By way of examples, Hickman complains that he was followed into the men's room by a male who propositioned him and that he was propositioned on several occasions by nude males while using the beach. See Hickman Letter.

On the date in question, August 21, 2005, Mr. Hickman indicates that he was walking on the beach where he observed a "nude lesbian football game," and "the usual nude males in the dunes carousing around." See Hickman Letter. As he walked past, he was approached by a Park Ranger who informed him that he had been observed walking naked on the beach. Mr. Hickman was subsequently issued

---

[1] The factual allegations of the Plaintiff's small claims court complaint are, at best, sparse. See Exhibit 1. As such, the United States provides, as background, the factual allegations underlying the instant claim as they have been described by Mr. Hickman to the NPS. Such facts are not material as they do not bear upon whether the Plaintiff has presented a claim in compliance with the FTCA and, consequently, the instant motion should not be deemed one pursuant to Fed. R. Civ. P 56.

a citation for a violation of park rules.  Id.  During the stop, one of the Rangers allegedly stated that Mr. Hickman "should probably go to another beach."  Id.

Mr. Hickman, professing innocence, feels that there has been selective enforcement of park rules regarding nudity, contending that the rangers should have ticketed (presumably) the members of the "nude lesbian football game" and/or "the usual nude males in the dunes," rather than him.  Id.  Mr. Hickman envisions this conduct as evidence of a conspiracy in which the national seashore "has been made off limits to heterosexuals . . . [because of] an unspoken agreement between the homosexual community and the rangers. . ."  Id.

Hickman further alleges that his motorcycle was damaged when it toppled on a sand patch in the "Herring Cove" beach lot on an unspecified date.  See Exhibit 1.  In support of this claim Hickman contends that on numerous occasions during the summer he observed sand on the roadway and complained on numerous occasions.  See Hickman Letter.  In response to complaints, a representative of the NPS told Hickman that "You should expect to find sand on roadways in areas such as these."  Id.

Hickman seeks a refund of the cost of a "season pass" and reimbursement for property damage to his motorcycle.  See Exhibit 1.

**Argument**

I.   This Court Lacks Subject Matter Jurisdiction Over Any Tort Claim

It is axiomatic that the United States is immune from suit unless it has expressly consented to be sued.  United States v. Mitchell, 445 U.S. 535 (1980).[2] Plaintiff's action should be dismissed for lack of subject matter jurisdiction because plaintiff has not presented a claim to the NPS as required by 28 U.S.C. § 2675(a). Section 2675(a) of the Federal Tort Claims Act ("FTCA") provides:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

28 U.S.C. § 2675(a).  The regulations requiring notice to the federal agency under the FTCA provide:

> [A] claim shall be deemed to have been presented when a federal agency receives from a claimant, or his duly authorized agent or representative an executed standard Form 95 or other written notification of an incident

---

[2] The National Park Service is a component of the Department of the Interior. 16 U.S.C. § 1 (2000); see also Pub.L. No. 64-235, § 1, 39 Stat. 535 (1916) (creating the National Park Service as a service under the Department of the Interior).

>   accompanied by a claim for money damages in a sum
>   certain for injury to or loss of property, personal injury,
>   or death alleged to have occurred by reason of the
>   incident.

28 C.F.R. § 14.2(a).  See Cogburn v. United States, 717 F. Supp. 958, 963 (D. Mass. 1989).

The purpose of the statute is to provide notice by the claimant to the federal agency in order to give an agency sufficient notice to commence an investigation and place a value on the claim.  Cizek v. United States, 953 F.2d 1232, 1233 (9th Cir. 1992).  The failure to follow the claim procedures deprives the United States District Court of jurisdiction over the tort claim against the United States.  McNeil v. United States, 508 U.S. 106, 113 (1993)("The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies").

In the present case, the plaintiff failed to follow the FTCA's procedural requirements since plaintiff did not present a claim to NPS before filing suit in the Boston Municipal Court.  See Conte Declaration.[3]  Further, to extent that Plaintiff's letter is considered to be a presentment, the letter is inadequate as it fails

---

[3] Mr. Hickman has been informed of the administrative requirements of the FTCA and provided a Form-95 with which to file and administrative claim.  See Conte Declaration, Letter to Plaintiff, dated August 31, 2005, attached as Exhibit A thereto.

to state a sum certain.  See Hickman Letter; and, Coska v. United States, 114 F.3d 319 (1st Cir. 1997).

## Conclusion

Accordingly, this court is without subject matter jurisdiction and the claim must be dismissed.

By their attorneys,

MICHAEL J. SULLIVAN
United States Attorney

/s/ Mark J. Grady
MARK J. GRADY
Assistant U.S. Attorney
U.S. Attorney's Office
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 9200
Boston, MA   02210
Tel. No. (617) 748-3136

## Certificate of Service

IT IS HEREBY CERTIFIED that on this 27th day of October 2005, service of the foregoing Memorandum has been made upon the following by depositing a copy in the United States mail, postage prepaid to, David Hickman, 6 Whittier Place Road, Boston, MA 02114.

/s/ Mark J. Grady
Mark J. Grady
Assistant United States Attorney

# STATEMENT OF SMALL CLAIM AND NOTICE OF TRIAL

**For Court Use Only** DOCKET NO. 05-SC-SC-4237

**Trial Court of Massachusetts Small Claims Session**

☒ BOSTON MUNICIPAL COURT  ☐ DISTRICT COURT Division  ☐ HOUSING COURT Division

**PART 2 — PLAINTIFF'S NAME, ADDRESS, ZIP CODE AND PHONE:**
DAVID HICKMAN
6 WHITTIER PLACE 6-D
BOSTON, MA 02114
PHONE NO: 617 367 1000

**PLAINTIFF'S ATTORNEY (If any):** [blank]

**PART 3 — DEFENDANT'S NAME, ADDRESS, ZIP CODE AND PHONE:**
NATIONAL PARK SERVICE
REP BY STEVEN PROKOP
99 MARCONI SITE
N. WELLFLEET, MA 02667

**ADDITIONAL DEFENDANT (If any):** [blank]

**PART 4 — PLAINTIFF'S CLAIM.** The defendant owes $400 plus $30 court costs for the following reasons: Give the date of the event that is the basis of your claim.

I AM SEEKING A FULL REFUND OF THE COST OF A SEASON PASS TO THE NAT. SEASHORE AFTER BEING TOLD ON 8/21/05 THAT MY BEACH OF CHOICE IS A "HOMOSEXUAL BEACH" AND THAT I SHOULD GO ELSEWHERE. I AM ALSO SEEKING COMPENSATION FOR DAMAGES INCURRED TO MY MOTORCYCLE WHEN IT TOPPLED ON A SAND PATCH IN THE HERRING COVE BEACH LOT EXIT.

SIGNATURE OF PLAINTIFF x David Hickman    DATE 8/22/05

**PART 5 — MEDIATION:** Mediation of this claim may be available prior to trial if both parties agree to discuss the matter with a mediator, who will assist the parties in trying to resolve the dispute on mutually agreed to terms. The plaintiff must notify the court if he or she desires mediation; the defendant may consent to mediation on the trial date.
☐ The plaintiff is willing to attempt to settle this claim through court mediation.

**PART 6 — MILITARY AFFIDAVIT:** The plaintiff states under the pains and penalties of perjury that the:
☒ above defendant(s) is (are) not serving in the military and at present live(s) or work(s) at the above address.
☐ above defendant(s) is (are) serving in the military

x David Hickman  8/22/05
SIGNATURE OF PLAINTIFF    DATE

**NOTICE TO DEFENDANT:** You are being sued in Small Claims Court by the above named plaintiff. You are directed to appear for trial of this claim on the date and time noted to the right.
If you wish to settle this claim before the trial date, you should contact the plaintiff or the plaintiff's attorney.
SEE ADDITIONAL INSTRUCTIONS ON THE BACK OF THIS FORM

**NAME AND ADDRESS OF COURT:**
BOSTON MUNICIPAL COURT
24 New Chardon ST.
BOSTON, MA. 02114

**DATE AND TIME OF TRIAL:** 9-16-05 AT 2:00 P.M.

BOTH THE PLAINTIFF AND THE DEFENDANT MUST APPEAR AT THIS COURT ON THE DATE AND TIME SPECIFIED

FIRST JUSTICE | CLERK-MAGISTRATE OR DESIGNEE | ROOM NO.

INSTRUCTIONS FOR FILING A SMALL CLAIM — You must complete Parts 1-6 of this form. See instructions on reverse.
DC-SC-1 (01/02)   ATENCION: ESTE ES UN AVISO OFICIAL DE LA CORTE. SI USTED NO SABE LEER INGLES, OBTENGA UNA TRADUCCION.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DAVID HICKMAN,
              Plaintiff,

v.
                                         Civil Action No.
                                         05-CV-11875 (JLT)

NATIONAL PARK SERVICE,
              Defendant.

## DECLARATION OF ANTHONY R. CONTE

Anthony R. Conte, for his declaration pursuant to 28 U.S.C. § 1746 states as follows:

1. I am now and have since April 5, 1982 been employed by the United States Department of the Interior (DOI) as Regional Solicitor for the Northeast Region, which region includes the Commonwealth of Massachusetts.

2. In my capacity as Regional Solicitor for the DOI I am responsible for adjudication pursuant to the Federal Tort Claims Act of all administrative claims filed with DOI bureaus located within the Northeast Region, which bureaus are required to forward such claims to my office. The National Park Service (NPS) is a bureau of the DOI located within the Northeast Region and is responsible for administration of the Cape Cod National Seashore located in Barnstable County, Commonwealth of Massachusetts.

3. I have reviewed the administrative tort claim files maintained by my office for the National Park Service from August 21, 2005 to date and have determined that as of this date no such administrative tort claim has been filed by or on behalf of the plaintiff named herein.

4. By certified mail letter to the Plaintiff herein, David Hickman, dated August 31, 2005, I notified Mr. Hickman that pursuant to 28 U.S.C. § 2875(a) an "action shall not be instituted upon a claim against the United States for injury or loss of property ... caused by the negligent act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing." (Exhibit A)

5. By letter dated 9/6/05 Mr. Hickman replied recounting his explanation of several incidents alleged to have occurred at Herring Cove Beach within the Cape Cod National Seashore and stated that he had been ticketed by a NPS Ranger for $150 and had appealed these tickets. Mr. Hickman asked that I address issues that he had raised in his letter, including reconsideration of the tickets issued to him. The said letter did not state a sum certain claim for damages and thus does not constitute presentment of an administrative claim. (Exhibit B)

      Signed and sworn to under penalty of perjury this 12th day of October 2005.

                                                                   Anthony R. Conte



# United States Department of the Interior

OFFICE OF THE SOLICITOR
One Gateway Center – Suite 612
Newton, MA 02458-2802

TEL: (617) 527-3400
FAX: (617) 527-6848

05-532
Certified Mail RRR
7002 2410 0000 6837 7315

August 31, 2005

David Hickman
6 Whittier Place, Unit 6-D
Boston, MA 02114

Re: Hickman v. National Park Service, Trial Court of Massachusetts, Small Claims Session
    Docket No. 05-01-50-4233

Dear Mr. Hickman:

Please be advised that pursuant to 28 U.S.C. § 2875(a) an "action shall not be instituted upon a claim against the United States for injury or loss of property ... caused by the negligent act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing.... failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant ... be deemed a final denial..."  Courts have consistently held that the presentation of an administrative claim pursuant to 28 U.S.C. § 2875(a) is a jurisdictional prerequisite to filing of a suit under the Federal Tort Claims Act. Cadwalder v. United States, 45 F.3d 297 (9th Cir. 1995), Jackson v. United States, 730 F.2d 808 (D.C. Cir. 1984). In this case no such claim has been presented to the National Park Service. Furthermore, State Courts are without jurisdiction to entertain claims against the United States or its governmental entities. Accordingly, there is no basis for the above-captioned Small Claims Court action, and I must respectfully demand that this action be withdrawn.

Please be further advised that pursuant to 28 C.F.R. § 14.4(c), in support of a claim for property damage a claimant may be required to provide an itemized receipt of payment for necessary repairs or itemized written estimates of the cost of repair all of which are hereby required to be provided. Federal Courts have held that an administrative tort claim is not properly filed where such information is not provided. See, Bialowas v. United States, 443 F.2d 1047 (3rd Cir. 1971), C.F. Kornbluth v. Savannah, 398 F.Supp. 1266 (E.D.N.Y. 1975). For your convenience I am including a Standard Form 95 which must be completed in its entirety if you wish to pursue this claim. Please return the required documentation directly to this office.

Very truly yours,

*Anthony R. Conte*

Anthony R. Conte
Regional Solicitor

cc: Superintendent, CACO
    Trial Court of Massachusetts, Small Claims Session
    George Henderson, Assistant U.S. Attorney

From David Hickman
6 Whittier Place, unit 6d
Boston, Ma 02114
Ph and fax 617 367 1000

SEP - 7 2005

To Mr. Anthony Conte
Regional Solicitor, US Dept of the Interior         9/6/05

Dear Mr. Conte,
   I recently received a letter from you in response to a small claims action I have initiated to recoup damages to my motorcycle incurred after hitting a sand patch on the roadway leading from the Herring Cove parking lot in Provincetown, Ma. First I would like to thank you for your time. I am going to use this opportunity to bring to your attention a number of issues or grievances related to the National Seashore Parks on Cape Cod.
   At the beginning of the summer I purchased a season pass for the Seashore and during the summer I occasionally visited Herring Cove and several other beaches. Herring Cove was the beach I visited most because of the great sunsets and also there are less flies and no automobiles like there are at Head of the Meadow. During the course of the summer I began to have some bad experiences at the site. First in June while leaving the beach after sunset and in the dark I lost control of my motorcycle on a sand patch and incurred minor damage. Throughout the rest of the summer on each visit I would bring the roadway sand to the attention of the ranger at the booth but would always receive a reply such as "I don't have a broom here" or "I will tell someone about it". The sand stayed there all summer and as recently as mid August I noticed the entire exit lane on the same corner completely covered with sand. I also noticed the same problem at the entrance to the Head of the Meadow Site. I hit that sand one day at about 25 mph and almost went down again. In August I finally brought this issue to the attention of Steven Prokop and his reply was "You should expect to find sand on the roadways in areas such as these." I also mentioned to Mr. Prokop that I had been stalked in the men's room of the Herring Cove bathhouse by homosexuals who use the restroom as a sexual activity area. I asked him why there was no lighting in the area at night and his response to me was "Why would you use a restroom after dark?". That is an exact quote Mr. Conte. In early August I was followed into the facility by a male and had to physically fight my way out of the bathhouse. After that incident I decided not to enter the bathhouse again. The next incident was in early August when I was approached on the Herring Cove beach one afternoon by a nude man. He approached the area where I was swimming and began to fondle himself. I demanded in no uncertain terms that he leave the area immediately. He threatened physical violence towards me and then informed me that the beach was a "gay beach" and that I should get out. About one week later another very similar incident occurred in which I was leaving the water, heading towards my towel when I encountered a male homosexual, nude standing near my towel and making advances. I asked him to leave and he again informed me that the beach was a "gay beach" and that I should leave and further, he threatened to send his dog loose to attack me.
   In mid August I made another attempt to spend an afternoon at this beach. After parking in the lot to the left of the bathhouse I walked onto the beach. The first thing I encountered within a few yards of the beginning of the beach was what could best be described as a nude, lesbian football game. I walked around it an continued further down the beach hoping to find a place where I would not be bothered. Along the way I passed numerous nude sunbathers, couples as well as singles. There were also the usual nude males in the dunes carousing around. I wear a bathing suit when I go to the beach and was wearing it that day although many people were not similarly clothed. I was wearing my bathing suit later that afternoon while I was walking the beach where a young lady, a Park Ranger approached me. She asked me for my name and my social security # and I asked her why she wanted this information. I am very reluctant to give this information to anyone. She informed me that approximately ½ mile down the

beach and somewhere up behind the beach she had observed me without my bathing suit on. I had never seen the woman before and asked how this could be possible? She informed me that she had seen me from several hundred yards away through binoculars and I thought to myself, how absolutely absurd. She then summoned 4 other Rangers who stated that if I did not give this information I would be arrested. They then demanded to search my motor vehicle. During the course of the information exchange I informed one of the rangers that I been bothered repeatedly by nude males in the dunes and that perhaps the ranger had assumed I was one of them. The ranger informed me that I "should probably go to another beach".   So, I've purchased a season pass for a beach that I cannot visit. I also asked the ranger who ticketed me if she had noticed any of the dozen or so people on the beach nude and she said that there was not enough help to cover the beach. So the entire length of the beach was being used for nude sunbathing while this ranger walked in the meadowlands behind the beach with a pair of binoculars and hiding behind trees and such.

   Mr. Conte, I have come to believe in recent months that not only has one of the most beautiful beaches on the Cape been made off limits to heterosexuals but that there is an unspoken agreement between the homosexual community and the rangers that this it is how it will be.

   I am a reasonable person and do not hate homosexuals. I also do not appreciate being stalked by them or being denied the peaceful use of the Seashore by them.

   I would greatly appreciate your response to all of the assault and other issues I have brought to your attention. I was ticketed that afternoon for $150. There is no doubt whatsoever in my mind that this ticket should <u>never</u> have been written. I have appealed these tickets but in order to do so I am now faced with loosing a day's work to travel to Hyannis for a court hearing. A day in court will cost me a days wages and also any attorney fees. My motorcycle will never be the same as I have been informed by the Honda dealership that several of the parts are no longer available. My motorcycle was in mint condition before the accident, it will never be that way again. I also feel violated by having my vehicle searched by park rangers. I have a damaged motorcycle, I've been informed by the Park Service that the beach I paid to use is probably not a good place for me to go, and now I have to prepare for two days in court testifying against the Park Service.

   I am hoping that you can address these issues in a reasonable and effective way. I am open to any reasonable mediation offers you wish to make to me before the Boston Municipal Court Hearing on September 16th. Would you be willing to make improvements to the roadway and address other issues I have brought to your attention? Would you be willing to review and reconsider the tickets issued to me? I look forward to hearing from you Mr. Conte, I hope we can avoid these court cases and again I thank you very much for your time.